U.S. DISTRICT COURT
DISTRICT OF CONN.

| WILLIAM PETAWAY VS. NEW HAVEN, ET. AL. | DOCKET # 3:19CV1717 (SRU). 6/18/2020 |

## MOTION FOR CLEARITY ON YOUNGER ABSTENTION (DEFENSE) OF DEFENDANTS.

THE DEFENDANT'S ATTORNEY WOLAK RAISED A REQUEST TO THE COURT TO (ABSTAIN), UNDER YOUNGER, REGARDING CLAIMS OF "PROBABLE CAUSE" FOR ARREST. SEE: ATTACHED PAGE #21 OF THE DEFENDANT'S MEMORANDUM OF LAW. . . .

NOTE: ATTORNEY WOLAK DOES [NOT] MAKE CLEAR WHAT YOUNGER SHOULD APPLY TO: INJUNCTIVE RELIEF, OR

6/18/20          MOTION  PAGE (2)

MONEY DAMAGES? ATTY. WOLAK DOES **NOT** CLEARIFY HOW THE INJUNCTIVE RELIEF REQUESTED: "ORDER TO MAKE TERRY STOP (POLICY) BY N.H.P.D." WILL INTERFER WITH STATE CASE?

THE 2ND CIRCUIT COURT OF APPEALS, HAS STATED THE YOUNER ABSTENTION DOES **NOT** APPLY TO "MONEY DAMAGES", **EVEN IF** PENDING STATE CASE RAISES SAME ISSUES, TOPICS. SEE: ATTACHED THREE (3) PAGES OF RUSSO VS. CITY OF HARTFORD (2001).

PLEASE CLEARIFY HOW YOUNGER APPLIES TO THIS CASE? AS 2ND CIRCUIT CASES ARE CLEAR ON YOUNGER.

ARGUMENT REQUESTED.

"PRO SE"
William O. Petaway  6/18/20
WILLIAM O. PETAWAY

6/18/20    MOTION    PAGE (3)

## \*ORDER\*

THE COURT HAS READ THE MOTION TO CLEARIFY, AND ITS ATTACHMENTS, IT IS: GRANTED —— DENIED.

JUDGE _____

CLERK _____

DATE _____

## \*CERTIFICATION\*

A (COPY) OF THE MOTION, AND ATTACHMENTS WAS MAILED TO: NEW HAVEN CORPORATION COUNSEL —— ATTORNEY MICHAEL WOLAK 165 CHURCH STREET NEW HAVEN, CT. 06510, ON 6/18/20.

6/18/20  *William O. Petaway*
         WILLIAM O. PETAWAY

Defendant Harpe to give plaintiff <u>Miranda</u> warnings cannot be the basis of a claim brought pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that Defendant Harpe used his responses to questions that he was asked without the benefit of <u>Miranda</u> warnings to establish probable cause for his arrest for domestic violence. (¶ 31.) The plaintiff appears to be attacking the probable cause utilized for his arrest. The plaintiff does not allege in his Complaint that the criminal proceeding instituted against him by Defendant Harpe has been concluded. In fact, the court can take judicial notice, pursuant to Fed. R. of Evid. 201, that this case is still pending in the Connecticut Superior Court. (See <u>State v. William Petaway</u>, Dkt. No. ███████████.)

To the extent that plaintiff's criminal case is still pending in the Connecticut State Court, this court should abstain from interfering in that prosecution pursuant to <u>Younger v. Harris</u>, 401 U.S. 37, 43-54, 91 S. CT. 478 (1971), absent some extraordinary circumstance. "<u>Younger</u> abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." (Citations omitted.) <u>Hansel v. Town Court</u>, 56 F.3d 391, 393 (2d Cir. 1995). Obviously, the plaintiff's criminal prosecution is ongoing. "Regarding the second requirement, it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." (Citation omitted.) <u>Id</u>. As to the final requirement, "there is ample opportunity for review of his constitutional claims in state court." <u>Id</u>. The court should abstain from any of plaintiff's claims involving probable cause for his arrest.

21

6/18/2020
Case 3:19-cv-01717-SRU Document 67 Filed 06/22/20 Page 5 of 8
Russo v. City of Hartford, 158 F. Supp. 2d 214 (D. Conn. 2001) :: Justia

Herbert Carlson, Jr., Joan Alexander, Joseph Hammick, Lawrence Skinner, and Stephen Kumnick. The state defendants have moved to dismiss the counts of the complaint in which they are named, counts one, two, six, seven, and nine.

### a. Abstention

The state defendants argue that, under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the court should abstain from proceeding until the underlying state criminal charges against Russo are finally resolved. Russo responds that abstention is not appropriate because he is not asking the court to enjoin a state criminal proceeding and because, at the time this action was filed, the criminal charges against Russo had been dismissed.[4]

Because Congress, and not the judiciary, determines the scope of federal jurisdiction within constitutionally permissible bounds, a federal court has no authority to abstain from the exercise of jurisdiction that has been properly conferred. *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 357-60, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989). This obligation to adjudicate claims within the federal courts' jurisdiction is "virtually unflagging." *Id.* at 359, 109 S. Ct. 2506 (citing *Deakins v. Monaghan*, 484 U.S. 193, 203, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988)). However, because federal courts do have discretion in determining whether to grant certain types of relief, abstention is appropriate in a few carefully defined situations. *See id.* Abstention remains, however, "the exception, not the rule. `The doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it....'" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188, 79 S. Ct. 1060, 3 L. Ed. 2d 1163 (1959)). Therefore, "[a]bstention rarely should be invoked." *Ankenbrandt v. Richards*, 504 U.S. 689, 705, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992).

*Younger* abstention arose primarily from "the notion of `comity,' that is, a proper respect for state functions ... and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44, 91 S. Ct. 746. Thus, *Younger* abstention reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Abstention under *Younger* is appropriate only where: (1) there are ongoing state

6/18/2020
Russo v. City of Hartford, 158 F. Supp. 2d 214 (D. Conn. 2001) :: Justia
Case 3:19-cv-01717-SRU   Document 87   Filed 06/22/20   Page 6 of 8

proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Id.* at 432, 102 S. Ct. 2515; *CECOS Int'l, Inc. v. Jorling,* 895 F.2d 66, 70 (2d Cir.1990). Even in the presence of the necessary predicates for *Younger* abstention, abstention is not *229 appropriate if the state proceedings are being undertaken in bad faith, or if there are other extraordinary circumstances, such as where the state proceedings are based on a flagrantly unconstitutional statute. *Middlesex,* 457 U.S. at 435, 102 S. Ct. 2515.

As an initial matter, the court finds that the first two prongs necessary for *Younger* abstention are met. First, the criminal proceeding was pending when Russo filed the present action. *Huffman v. Pursue,* 420 U.S. 592, 613, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) (holding that state court proceedings are "pending" within the meaning of *Younger* not only while they are before state trial courts, but also over the course of direct review within the state court system). Second, an ongoing prosecution implicates important state interests. *Davis v. Lansing,* 851 F.2d 72, 76 (1988); *see also Middlesex,* 457 U.S. at 432, 102 S. Ct. 2515.

The issue is thus whether Russo has an avenue open for review of his constitutional claims in state court and, if he does, whether other extraordinary circumstances warrant federal court jurisdiction regardless. Russo seeks both injunctive relief and money damages for alleged § 1983 violations. While the Second Amended Complaint seeks injunctive relief, it does not specify the type of injunction sought. In his Memorandum in Opposition to City Defendants' Motion to Dismiss, Russo states that he "is not seeking an injunction which would prevent the state from prosecuting the Plaintiff following the State Supreme Court's resolution of the appeal." Mem. in Opp. to City Def.'s Mot. to Dismiss (Dkt. No. 86) at 8. However, Russo does not indicate what specific injunctive relief is sought. *Younger* abstention is required "unless it plainly appears that the federal claims cannot be determined in the state proceeding." *Kirschner v. Klemons,* 225 F.3d 227, 235 (2d Cir.2000) (internal quotations omitted) (citing *Middlesex,* 457 U.S. at 435, 102 S. Ct. 2515 (implying that would-be federal plaintiff facing *Younger* doctrine bears burden of demonstrating that the claim cannot be adjudicated in the state proceeding)). Because the court cannot find that it plainly appears that the federal claims cannot be determined in the state proceeding, *Younger* abstention applies. Russo does not argue that there are extraordinary circumstances in this case to overcome *Younger* abstention. Therefore, the court grants the state defendants' motion to dismiss the § 1983 claims for injunctive relief, without prejudice to replead if a factual and legal basis exists to do so.

Case 3:19-cv-01717-SRU Document 67 Filed 06/22/20 Page 7 of 8
Russo v. City of Hartford, 158 F. Supp. 2d 214 (2001) :: Justia
6/18/2020

Russo's claims for damages require a separate analysis. The Second Circuit has held that "[w]hen money damages, as opposed to equitable relief, are sought, it is less likely that unacceptable interference with the ongoing state proceeding, the evil against which *Younger* seeks to guard, would result from the federal court's exercise of jurisdiction." *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000). Accordingly, "abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief, but ... a stay of the action pending resolution of the state proceeding may be appropriate." *Id.* (citing *Giulini v. Blessing*, 654 F.2d 189, 192-94 (2d Cir.1981)); *accord Rivers v. McLeod*, 252 F.3d 99, 101 (2d Cir.2001) (holding that principles of abstention under *Younger* did not bar the district court from considering the plaintiff's claim because application of the *Younger* doctrine is inappropriate where the litigant seeks money damages for an *230 alleged violation of § 1983).[5] The court thus finds that *Younger* abstention is not appropriate with respect to Russo's claims for money damages under § 1983.

In addition, the court does not find it necessary to stay the present case pending the outcome of the appeal in the state criminal case. The decision as to whether to stay a federal action on the ground that there is a related action pending in a state court is committed to the sound discretion of the district court. *United States v. Pikna*, 880 F.2d 1578, 1582 (2d Cir.1989) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). "In determining whether or not to grant such a stay, the district court should consider such factors as (1) whether the controversy involved a *res* over which one of the courts has assumed jurisdiction, (2) whether one forum is more inconvenient than the other for the parties, (3) whether staying the federal action will avoid piecemeal litigation, (4) whether one action is significantly more advanced than the other, (5) whether federal or state law provides the rule of decision, and (6) whether the federal plaintiff's rights will be protected in the state proceeding." *Id.* No one factor is determinative, and the weight to be given to each may vary substantially from case to case. Further, the presumption in favor of exercising jurisdiction dictates that "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir.2001).

Considering the issues raised in this federal case and the state criminal case, the court concludes the federal action should not be stayed at this time pending the outcome of the state appeal. With regard to the six *Pikna* factors, only numbers three, five, and six have



WILLIAM PETAWAY
650 DIXWELL AVE.
NEW HAVEN, CT. 06511

HARTFORD
CT 051
19 JUN 20
PM 5 L

U.S. DISTRICT COURT
DISTRICT OF CONN.
TO: "CLERK"

141 CHURCH STREET
NEW HAVEN, CT. 06510