UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM PETAWAY,
    Plaintiff,

v.

CITY OF NEW HAVEN, et al.,
    Defendants.

No. 3:19-cv-1717 (SRU)

## **ORDER**[1]

On July 2, 2020, I held a hearing on the Defendants' motion to dismiss, and I granted that motion except with respect to Petaway's unlawful detention claim against Defendants Correa, Jackson, and Harpe. *See* Min. Entry, Doc. No. 70. At the hearing, Petaway, who appeared *pro se*, argued that his right under the Fifth Amendment not to be "compelled in any criminal case to be a witness against himself" had been violated. U.S. CONST. amend. V. In particular, Petaway argued that Officer Harpe used Petaway's own statements—allegedly elicited unlawfully, in violation of the *Miranda* rule against coercive custodial interrogation—to help develop probable cause for Petaway's arrest. *See* Petaway's Opp'n, Doc. No. 63, at 12–13. I explained that I disagreed with Petaway's argument because Petaway had not alleged that his statements had been used against him within the meaning of the Fifth Amendment. I told Petaway that I would take another look at the law and reverse myself if I had been incorrect. I write now to explain why I was correct.

To make out a plausible claim, Petaway would have needed to allege facts that, taken as true, show "not only that the [statement] was coerced, but that it was used against him in a criminal case." *Higazy v. Templeton*, 505 F.3d 161, 170 n.9 (2d Cir. 2007). Petaway has not

---

[1] This Order assumes familiarity with the underlying facts of the case.

alleged that any statement was "used" against him within the meaning of the Fifth Amendment because a compelled statement is not "used" against a defendant for Fifth Amendment purposes until there has been some proceeding in court.  *See Chavez v. Martinez*, 538 U.S. 760, 766–67 (2003) (plurality).  Different circuits disagree about whether—and, if so, which—pretrial proceedings constitute a "criminal case" for the purposes of the Fifth Amendment.  *See generally* Aaron L. Weisman, Annotation, *Applicability of Fifth Amendment to Pretrial Proceedings*, 25 A.L.R. Fed. 3d Art. 3 (2017).  In the Second Circuit, a "criminal case" includes a proceeding as early as an initial appearance.  *See Higazy*, 505 F.3d at 173.  But the Supreme Court has been clear that a "criminal case" does *not* include the investigatory process and police interrogations.  *See Chavez*, 538 U.S. at 767 (plurality) ("[P]olice questioning does not constitute a 'case' any more than a private investigator's precomplaint activities constitute a 'civil case.'").  When Officer Harpe was questioning Petaway on Petaway's front porch, Officer Harpe was investigating the case—Petaway alleges that he was not yet under arrest, and no criminal charges had been filed against him.  Thus, I was correct to grant the Defendants' motion to dismiss Petaway's claims alleging a violation of his Fifth Amendment right not to incriminate himself because Petaway has not alleged that any statement was used against him in a criminal case.

To the extent that Petaway argues that Officer Harpe's alleged *Miranda* violation can support a section 1983 claim, I explained on the record that that was incorrect.  *See Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) ("[P]laintiffs cannot base a § 1983 claim solely on a law enforcement officer's failure to administer *Miranda* warnings."); *see also Traylor v. Hammond*, 94 F. Supp. 3d 203, 214 (D. Conn. 2015).

For the foregoing reasons, I adhere to my prior ruling.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of July 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge